## FREDERICK S. ARMSTRONG ET AL.

### *v.*

## THE CARMEN CENTRALE ET AL.

---

San Juan, Equity, No. 935.

AS TO AUTHORITY OF RECEIVERS TO BORROW MONEY.

Receivers — Borrowing Money.

Where receivers have been authorized by court to borrow money
for certain purposes pending negotiations, and negotiations are not
finished within the time of the loan, the court will authorize the
receiver to borrow a further sum for similar purposes. Such money
is borrowed to keep the business as a going concern.

Opinion filed September 13, 1913.

---

*Mr. Louis Banigan* for receivers.

*Messrs. T. D. Mott, Jr.,* and *J. Guzman Benitez* for creditors.

HAMILTON, Judge, delivered the following opinion:

The importance of the question raised is fully appreciated,
and the opinion of the court is to this effect: The order granted

Armstrong v. The Carmen Centrale.

July 1, 1913, considered the whole situation, and gave the receivers power to borrow money, not exceeding a certain amount, and for a certain length of time, pending certain proceedings looking to reorganization, which were mentioned in court at the time, although I do not think they were embraced in the order. This time ran out during the absence of the judge from the island. It might have been possible to obtain an order from a substitute judge, or it might not have been convenient; but at all events that was not done.

The purport of the present application, as I understand it, is simply to enlarge the time within which a sum, not exceeding the amount heretofore authorized, may be borrowed and applied. That commends itself to the court, and I do not see how I can refuse the application without appearing to be inconsistent or vacillating or changing my mind as to the situation, as to which I have not made any change at all. I think any change at this time might tend to embarrass negotiations. If the court does not appear to know its mind, people dealing with property under the supervision of the court will not know how to act. For that reason the application will be granted.

I would prefer, Mr. Banigan, if you would draw the order in a different form. I do not doubt that you have it substantially correct, or exactly correct, but it would compel the court to compare one order with the other. Express it that the time within which to borrow the sum heretofore authorized in the order of July 1, 1913, is hereby extended to October 11, 1913, the amount and all other provisions remaining the same as in the order granted on that date.

The ground of this receivership is simply that of preserva-

tion of the property until such time as it may become apparent, one way or the other, what the result will be; either that the property can pay off its debts and resume, or that there may be some reorganization satisfactory to all, or that nothing can be done. Until one of those events happens, the court will maintain a recivership for a business of this character. As soon as it is apparent that it cannot pay off its debts or cannot reörganize, the court will promptly end the receivership. No receivership will exist in this court for the benefit of the receiver or other court officers. A receivership has as a consequence that enough money must be borrowed under the authority of the court to keep the concern as a going concern, whether it be a central, or whatever may be the receivership. The court will enter such orders from time to time. There is no escape from it. It is not anything that is peculiar to this judge at all. It is simply an ordinary branch of equitable jurisdiction; and if this court has equity jurisdiction at all, it has this branch of it.

So this order will be granted, drawn in the shape that I suggested. At the same time I would be glad if any creditor would understand, that, if there is any ground of complaint against the receivers, or if they do not seem to be adopting any consistent plan for the operation of the property, they are not doing their duty. The court would be very glad to have such a situation called to its attention, and the court would be glad to have any suggestion as to how the receivers should act. Of course, the judge, because sitting here, and because he happens to have on a gown, does not know much more about the operation of a sugar central that he did before he came here; but there is a way of getting at that information. So far as appears, there is no reflection upon the receivers in this case.

Armstrong v. .The Carmen Centrale.

I think I am shut up to granting this order, because otherwise there would appear to be vacillation, which does not exist in the mind of the court. The amount in question is small in comparison to the value of the property, so that I do not think that in any event any great amount of harm could be done to anybody concerned.